IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL LEMUS-CALDERON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 3:26-cv-289 |
| | ) | Judge Stephanie L. Haines |
| DIRECTOR JOHN TSOUKARIS, *in his* | ) | |
| *official capacity as Field Office Director* | ) | |
| *Enforcement and Removal Operations Newark* | ) | |
| *Field Office et al.,* | ) | |
| | ) | |
| Respondents. | | |

## **MEMORANDUM ORDER**

Daniel Lemus-Calderon ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition") on December 15, 2025, (ECF No. 2), and a Motion for Temporary Restraining Order ("TRO") on the same day (ECF No. 3) in the Eastern District of Pennsylvania. On February 20, 2026, the case was transferred to the Western District of Pennsylvania (ECF No. 8). On February 23, 2026, the TRO was denied because Petitioner failed to make a sufficient showing under Rule 65 before Respondents could be heard in opposition. (ECF No. 9). On that same day, the Court ordered service of the Petition (ECF No. 10). Joanne Reed, of the United States Attorney's Office entered her appearance for Respondents on February 27, 2026 (ECF No. 11). Respondents were to file a response to the Habeas Petition within thirty days of service.

On March 23, 2026, Respondents, in a Notice of Suggestion of Mootness (ECF No. 12), informed the Court that they were advised by ICE that Petitioner had been removed from the United States on January 29, 2026. ECF No. 12, pp. 1, 4.

The purpose of a writ of habeas corpus is to challenge the legal authority under which an individual is being held in custody. *See, e.g., Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir.

1

2013). It is a well-established principle, however, that federal courts lack jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III, § 2, of the Const. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (citing *Allen v. Wright*, 468 U.S. 737, 750-51 (1984), and *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 471-73 (1982)). "The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome." *Id.* (citing *Lewis*, 494 U.S. at 477-78). Thus, if developments occur during the litigation that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from granting effective relief, the case must be dismissed as moot. *See id.* at 147-48; *Keitel*, 729 F.3d at 280. Given Petitioner's removal, there is no remedy that the Court can provide. Therefore, the Petition and any pending motions are moot.

Accordingly, the following order is entered:

## **ORDER**

AND NOW, this 24th day of March, 2026, IT IS ORDERED that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 2) hereby is DISMISSED as moot; and,

The Clerk of Court is to mark this case Closed.

Stephanie L. Haines
United States District Judge

2